FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 11 2008

CENTRAL DISTRICT
BY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| WILLIAM P. WHITE,<br><br>    Petitioner,<br><br>v.<br><br>LINDA SANDERS, Warden,<br><br>    Respondent. | No. CV 07-8086-R (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

    Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

    IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action without prejudice.

DATED: June 11, 2008

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM P. WHITE,<br><br>    Petitioner,<br><br>    v.<br><br>LINDA SANDERS, Warden,<br><br>    Respondent. | No. CV 07-8086-R (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Manuel L. Real, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends the Petition for Writ of Habeas Corpus be denied without prejudice.

///
///
///
///
///
///

I.

## SUMMARY OF PROCEEDINGS

On December 12, 2007, Petitioner filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241 ("Petition").

On February 6, 2008, Respondent filed a motion to dismiss the Petition without prejudice for failure to exhaust administrative remedies. Petitioner's opposition was due to be filed and served within thirty days (March 6, 2008). (*See* Order dated January 8, 2008, Docket No. 5.) Petitioner did not file an opposition.

On April 1, 2008, the Court issued an Order Re: Filing of Opposition to Motion to Dismiss. (Docket No. 8.) The Court *sua sponte* granted Petitioner an extension of time to April 30, 2008 to file an opposition to the motion to dismiss. The Order notified Petitioner that "failure to oppose a motion to dismiss may be construed as consent to the granting of the motion, and may result in dismissal of the action. Local Rule 7-12." The Order stated that the matter would be deemed submitted on the day after Petitioner's opposition was due to be filed and served.

Petitioner has not filed an opposition to the motion to dismiss and has not requested an extension of time to do so.

II.

## DISCUSSION

A district court has authority to dismiss a habeas petition without prejudice because of a failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Allen v. Calderon*, 408 F.3d 1150, 1152 (9th Cir. 2005); *see Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars).

In determining whether to dismiss a case for failure to prosecute, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

respondent; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Because Petitioner has not filed an opposition to the motion to dismiss based on failure to exhaust administrative remedies, Petitioner's conduct hinders the Court's ability to move this case toward disposition, and indicates that Petitioner does not intend to participate in the prosecution of his habeas petition diligently.

The third factor -- prejudice to respondent -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to respondent arises when there is a failure to prosecute diligently. *Id.* at 1452-53. That presumption may be rebutted where a petitioner proffers an excuse for failing to prosecute. Petitioner has failed to come forward with any excuse or reason.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs in favor of dismissal. Petitioner's failure to oppose the motion to dismiss his Petition based on failure to exhaust administrative remedies interferes with the Court's adjudication of the petition on the merits. It is a petitioner's responsibility to move a case towards a disposition. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged that responsibility.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Court's Order on April 1, 2008, expressly warned Petitioner that "failure to oppose a motion to dismiss may be construed as consent to the granting of the motion, and may result in dismissal of the action. Local Rule 7-12." (Docket No. 8.)

Taking all of the above factors into account, dismissal without prejudice is appropriate. In this case, Petitioner has been cautioned about the possibility of dismissal in the Court's Order and will be afforded further notice by service of this Report and Recommendation.

Accordingly, it is recommended that the Petition be dismissed without prejudice.

## III.

## **RECOMMENDATION**

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation and (2) directing that judgment be entered denying the Petition and dismissing this action without prejudice.

DATED: May 16, 2008

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge

## **NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.